IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY,

    Plaintiff,

v.                                                                  No. 1:23-cv-01028-JFR

AMY SEIDEL,
JEFFREY SHANNON and
NEW MEXICO EIGHTH JUDICIAL DISTRICT COURT,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*
## AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for a Civil Case, Doc. 1, filed November 20, 2023 ("Complaint"), Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 3, filed November 20, 2023 ("Short Form Application"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 4, filed November 29, 2023 ("Long Form Application").

**Applications to Proceed *In Forma Pauperis***

Plaintiff filed a motion to proceed *in forma pauperis* using the Short Form Application and later filed a Long Form Application.

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Long Form Application. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months was $1,100.00; (ii) Plaintiff's monthly expenses total $6,000.00; and (iii) Plaintiff has $20.00 in cash and no funds in bank accounts. The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating she is unable to pay the costs of this proceeding and her monthly expenses exceed her monthly income. Because the Court is granting Plaintiff's Long Form Application, the Court denies Plaintiff's Short Form Application as moot.

**The Complaint**

Plaintiff, who is proceeding *pro se*, asserts claims pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.*, against: (i) Amy Seidel, the ADA coordinator for the Eighth Judicial District Court for the State of New Mexico; (ii) Jeffrey

Shannon, a judge for the Eighth Judicial District Court; and (iii) the Eighth Judicial District Court.  Plaintiff, who is disabled, alleges Defendants failed to reasonably accommodate her disabilities during proceedings before Judge Shannon and seeks "Prospective injunctive relief." Complaint at 4, 14.  It appears Plaintiff may also be asserting equal protection and due process claims.  *See* Complaint at 9-10 (stating "The court denied Ms. Langworthy equal protection when it failed to issue a temporary restraining order" and "Because of a pattern of denial of equal protection and due process by the 8th Judicial Court").  Plaintiff seeks "prospective injunctive relief from on-going violations of her federal rights" and "monetary damages where available" for "intentional discrimination" and retaliation.  Complaint at 4, 14.

**Sovereign Immunity - ADA**

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

The Complaint fails to state claims pursuant to Title II of the ADA against Defendants Shannon and because "Title II does not create individual liability."  *Brooks v. Colo. Dept. of Corrections*, 715 Fed.Appx. 814, 818 (10th Cir. 2017) (citing *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir. 1999)); 42 U.S.C. §§ 12132 ("no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services programs, or activities of a public entity, or be subjected to

3

discrimination by any such entity"); 42 U.S.C. §§ 12131 ("The term 'public entity' means—(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority").

The Complaint does not allege facts supporting jurisdiction over Plaintiff's Title II claims against Defendant Eighth Judicial District Court.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

> The Eleventh Amendment ordinarily grants a state immunity from suits brought in federal court by its own citizens or those of another state. *Chamber of Commerce of U.S. v. Edmondson,* 594 F.3d 742, 760 (10th Cir.2010). The immunity extends to arms of the state and to state officials who are sued for damages in their official capacity. *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir.2013).  But sovereign immunity does not prevent suit: "(1) when Congress has abrogated the states' immunity, as in legislation enacted to enforce the Fourteenth Amendment; [or] (2) when a state waives its immunity." *Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety,* 722 F.3d 1209, 1212 (10th Cir.2013). .... Congress unequivocally intended to abrogate the states' sovereign immunity under the ADA. *See* 42 U.S.C. § 12202. But the abrogation is valid only if Congress "act[ed] pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment." *Nev. Dep't of Human Res. v. Hibbs,* 538 U.S. 721, 726, 123 S.Ct. 1972, 155 L.Ed.2d 953 (2003).

*Turner v. National Council of State Boards of Nursing, Inc.*, 561 Fed.Appx. 661, 665 (10th Cir. 2014).

> In [United States v. *Georgia*, 546 U.S. 151 (2006)], the Supreme Court established a three-part test for determining whether Title II validly abrogated states' immunity with respect to specific claims in individual cases. 546 U.S. at 159, 126 S.Ct. 877. The court must determine, "on a claim-by-claim basis, (1) which aspects of the State's alleged conduct violated Title II." *Id.* The court next considers "(2) to what extent such misconduct also violated the Fourteenth Amendment." *Id.* To the extent that the alleged conduct "*actually* violates the Fourteenth Amendment," including rights incorporated against the states through the Fourteenth Amendment, "Title II validly abrogates state sovereign immunity." *Id.* Finally, "(3) insofar as [ ] misconduct violated Title II but did not violate the Fourteenth Amendment, [the court considers] whether Congress's purported

> abrogation of sovereign immunity as to that class of conduct is nevertheless valid" as a congruent and proportional exercise of its authority under § 5 of the Fourteenth Amendment. *Id.* In *Georgia*, the Supreme Court remanded the prisoner's claims with instructions that he be allowed to amend his complaint to clarify which claims were based on alleged conduct that did "*not* independently violate the Fourteenth Amendment." *Id.* Thus, the resolution of the question of whether Title II validly abrogates state sovereign immunity under the Court's *Georgia* rubric could require a court to not only scrutinize the plaintiff's factual claims, but also legislative findings regarding relevant history of disability discrimination involving deprivation of the rights in question. *See id.*; *Guttman v. Khalsa*, 669 F.3d 1101, 1117 (10th Cir. 2012) ("[W]e approach ... the abrogation inquiry with respect to the specific right and class of violations at issue.").

*Havens v. Colorado Department of Corrections*, 897 F.3d 1250, 1256 n.5 (10th Cir. 2018) (emphasis in original).

The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's Title II claims against the Eighth Judicial District Court for lack of jurisdiction. If Plaintiff asserts the Court has jurisdiction over her Title II claims, Plaintiff must file an amended complaint that contains factual allegations supporting jurisdiction. Plaintiff's response to this Order must address the Supreme Court's three-part test for determining whether Title II validly abrogated states' immunity with respect to specific claims in individual cases. *See Havens v. Colorado Department of Corrections*, 897 F.3d 1250, 1256 n.5 (10th Cir. 2018). Failure to timely show cause and file an amended complaint may result in dismissal of this case.

**Prospective Injunctive Relief – Equal Protection and Due Process Claims**

It appears Plaintiff may be asserting equal protection and due process claims. Plaintiff states "The court denied [Plaintiff] equal protection when it failed to issue a temporary restraining order . . . Because of a pattern of denial of equal protection and due process by the 8th Judicial Court in Raton . . . ." Complaint at 9-10. Plaintiff seeks "prospective injunctive relief from on-going violations of her federal rights." Complaint at 14.

The Amended Complaint fails to state a claim for prospective injunctive relief against Defendant Eighth Judicial District Court pursuant to the *ex parte Young* exception to state sovereign immunity. For the *Ex parte Young* exception to state sovereign immunity to apply, a plaintiff must show that she is: "(1) *suing state officials rather than the state itself*, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief." *See Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012) (emphasis added).

The Complaint fails to state a claim for prospective injunctive relief against Defendants Seidel and Shannon. "Section 1983 expressly disallows injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable.'" *Catanach v. Thomson*, 718 Fed.Appx. 595, 599 (10th Cir. 2017) (citing *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)). Defendants Seidel and Shannon are judicial officers and the Complaint does not allege facts showing that a declaratory decree was violated or declaratory relief was unavailable.

The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's equal protection and due process claims for prospective injunctive relief. If Plaintiff asserts the Court should not dismiss Plaintiff's claims for prospective injunctive relief, Plaintiff must file an amended complaint that contains factual allegations supporting her claims for prospective injunctive relief.

**Monetary Damages – Equal Protection and Due Process Claims**

It is not clear whether Plaintiff is seeking monetary damages based on her equal protection and due process claims. To the extent Plaintiff is seeking monetary damages based on her equal protection and due process claims, Plaintiff has not shown that monetary damages are

available from Defendant Eighth Judicial District Court, which is an arm of the State of New Mexico, and Defendants Seidel and Shannon in their official capacities.

> Under the Eleventh Amendment, private parties cannot sue a state in federal court without the state's consent. *See Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). This protection extends to entities that are arms of the state. *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). When the defendant is a state or an arm of the state, "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co.*, 507 F.3d at 1252; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("This jurisdictional bar applies regardless of the nature of the relief sought.").

*Anderson v. Herbert*, 745 Fed.Appx. 63, 69 (10th Cir. 2018); *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006) ("It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits.") (citing *Howlett v. Rose*, 496 U.S. 356, 365 (1990)).

The Complaint fails to state claims for monetary damages based on her equal protection and due process claims against Defendants Seidel and Shannon in their personal capacities. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"). "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved. Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral

7

relationship with the judicial process." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 728 (10th Cir. 2008).

The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's equal protection and due process claims for monetary damages. If Plaintiff asserts that the Court should not dismiss her claims for monetary damages, Plaintiff must file an amended complaint that contains factual allegations supporting her claims for monetary damages.

**Service**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status

does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), Doc. 4, filed November 29, 2023, is **GRANTED.**

(ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form), Doc. 3, filed November 20, 2023, is **DENIED as moot.**

(iii) Plaintiff shall, within 21 days of entry of this Order, show cause why her claims should not be dismissed and file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

_____
UNITED STATES MAGISTRATE JUDGE

10