IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY,

    Plaintiff,

v.                                                                     No. 1:23-cv-01028-DHU-JFR

AMY SEIDEL,
JEFFREY SHANNON and
NEW MEXICO EIGHTH JUDICIAL DISTRICT COURT,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, asserted claims pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.*, against: (i) Amy Seidel, the ADA coordinator for the Eighth Judicial District Court for the State of New Mexico; (ii) Jeffrey Shannon, a judge for the Eighth Judicial District Court; and (iii) the Eighth Judicial District Court. *See* Complaint for a Civil Case, Doc. 1, filed November 20, 2023 ("Complaint"). Plaintiff, who is disabled, alleged Defendants failed to reasonably accommodate her disabilities during proceedings before Judge Shannon and seeks "Prospective injunctive relief." Complaint at 4, 14. It appears Plaintiff may also be asserting equal protection and due process claims. *See* Complaint at 9-10 (stating "The court denied Ms. Langworthy equal protection when it failed to issue a temporary restraining order" and "Because of a pattern of denial of equal protection and due process by the 8th Judicial Court . . ."). Plaintiff seeks "prospective injunctive relief from on-going violations of her federal rights" and "monetary damages where available" for "intentional discrimination" and retaliation. Complaint at 4, 14.

**Sovereign Immunity - ADA**

Regarding Plaintiff's claims pursuant to Title II of the ADA, United States Magistrate Judge John F. Robbenhaar notified Plaintiff:

> As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).
>
> The Complaint fails to state claims pursuant to Title II of the ADA against Defendants Shannon and Seidel because "Title II does not create individual liability." *Brooks v. Colo. Dept. of Corrections*, 715 Fed.Appx. 814, 818 (10th Cir. 2017) (citing *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir. 1999)); 42 U.S.C. §§ 12132 ("no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services programs, or activities of a public entity, or be subjected to discrimination by any such entity"); 42 U.S.C. §§ 12131 ("The term 'public entity' means—(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority").
>
> The Complaint does not allege facts supporting jurisdiction over Plaintiff's Title II claims against Defendant Eighth Judicial District Court. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").
>
> > The Eleventh Amendment ordinarily grants a state immunity from suits brought in federal court by its own citizens or those of another state. *Chamber of Commerce of U.S. v. Edmondson,* 594 F.3d 742, 760 (10th Cir.2010). The immunity extends to arms of the state and to state officials who are sued for damages in their official capacity. *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir.2013). But sovereign immunity does not prevent suit: "(1) when Congress has abrogated the states' immunity, as in legislation enacted to enforce the Fourteenth Amendment; [or] (2) when a state waives its immunity." *Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety,* 722 F.3d 1209, 1212 (10th Cir.2013).  .... Congress unequivocally intended to abrogate the states' sovereign immunity under the ADA. *See* 42 U.S.C. § 12202. But the abrogation is valid only if Congress "act[ed] pursuant to a valid exercise of its power under § 5 of the

> Fourteenth Amendment." *Nev. Dep't of Human Res. v. Hibbs,* 538 U.S. 721, 726, 123 S.Ct. 1972, 155 L.Ed.2d 953 (2003).

*Turner v. National Council of State Boards of Nursing, Inc.*, 561 Fed.Appx. 661, 665 (10th Cir. 2014).

> In [United States v. *Georgia*, 546 U.S. 151 (2006)], the Supreme Court established a three-part test for determining whether Title II validly abrogated states' immunity with respect to specific claims in individual cases. 546 U.S. at 159, 126 S.Ct. 877. The court must determine, "on a claim-by-claim basis, (1) which aspects of the State's alleged conduct violated Title II." *Id.* The court next considers "(2) to what extent such misconduct also violated the Fourteenth Amendment." *Id.* To the extent that the alleged conduct "*actually* violates the Fourteenth Amendment," including rights incorporated against the states through the Fourteenth Amendment, "Title II validly abrogates state sovereign immunity." *Id.* Finally, "(3) insofar as [ ] misconduct violated Title II but did not violate the Fourteenth Amendment, [the court considers] whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid" as a congruent and proportional exercise of its authority under § 5 of the Fourteenth Amendment. *Id.* In *Georgia*, the Supreme Court remanded the prisoner's claims with instructions that he be allowed to amend his complaint to clarify which claims were based on alleged conduct that did "*not* independently violate the Fourteenth Amendment." *Id.* Thus, the resolution of the question of whether Title II validly abrogates state sovereign immunity under the Court's *Georgia* rubric could require a court to not only scrutinize the plaintiff's factual claims, but also legislative findings regarding relevant history of disability discrimination involving deprivation of the rights in question. *See id.*; *Guttman v. Khalsa*, 669 F.3d 1101, 1117 (10th Cir. 2012) ("[W]e approach ... the abrogation inquiry with respect to the specific right and class of violations at issue.").

*Havens v. Colorado Department of Corrections*, 897 F.3d 1250, 1256 n.5 (10th Cir. 2018) (emphasis in original).

Order to Show Cause at 3-5, Doc. 5, filed December 11, 2023.

**Prospective Injunctive Relief – Equal Protection and Due Process Claims**

Judge Robbenhaar notified Plaintiff:

The Amended Complaint fails to state a claim for prospective injunctive relief against Defendant Eighth Judicial District Court pursuant to the *ex parte Young*

exception to state sovereign immunity.  For the *Ex parte Young* exception to state sovereign immunity to apply, a plaintiff must show that she is: "(1) *suing state officials rather than the state itself*, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief."  *See Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012) (emphasis added).

The Complaint fails to state a claim for prospective injunctive relief against Defendants Seidel and Shannon.  "Section 1983 expressly disallows injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable.'"  *Catanach v. Thomson*, 718 Fed.Appx. 595, 599 (10th Cir. 2017) (citing *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)).  Defendants Seidel and Shannon are judicial officers and the Complaint does not allege facts showing that a declaratory decree was violated or declaratory relief was unavailable.

Order to Show Cause at 6.

**Monetary Damages – Equal Protection and Due Process Claims**

Judge Robbenhaar notified Plaintiff:

To the extent Plaintiff is seeking monetary damages based on her equal protection and due process claims, Plaintiff has not shown that monetary damages are available from Defendant Eighth Judicial District Court, which is an arm of the State of New Mexico, and Defendants Seidel and Shannon in their official capacities.

> Under the Eleventh Amendment, private parties cannot sue a state in federal court without the state's consent. *See Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). This protection extends to entities that are arms of the state. *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). When the defendant is a state or an arm of the state, "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co.*, 507 F.3d at 1252; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("This jurisdictional bar applies regardless of the nature of the relief sought.").

*Anderson v. Herbert*, 745 Fed.Appx. 63, 69 (10th Cir. 2018); *Hull v. State of New Mexico Taxation and Revenue Department's Motor Vehicle Division*, 179 Fed.Appx. 445, 446 (10th Cir. 2006) ("It is well established that arms of the state, or state officials acting in their official capacities, are not 'persons' within the meaning of § 1983 and therefore are immune from § 1983 damages suits.") (citing *Howlett v. Rose*, 496 U.S. 356, 365 (1990)).

4

> The Complaint fails to state claims for monetary damages based on her equal protection and due process claims against Defendants Seidel and Shannon in their personal capacities. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"). "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved. Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 728 (10th Cir. 2008).

Order to Show Cause at 6-9.

**Conclusion**

> Judge Robbenhaar ordered Plaintiff:
>
> to show cause why the Court should not dismiss Plaintiff's Title II claims against the Eighth Judicial District Court for lack of jurisdiction. If Plaintiff asserts the Court has jurisdiction over her Title II claims, Plaintiff must file an amended complaint that contains factual allegations supporting jurisdiction. Plaintiff's response to this Order must address the Supreme Court's three-part test for determining whether Title II validly abrogated states' immunity with respect to specific claims in individual cases. *See Havens v. Colorado Department of Corrections*, 897 F.3d 1250, 1256 n.5 (10th Cir. 2018). Failure to timely show cause and file an amended complaint may result in dismissal of this case.

Order to Show Cause at 5. Judge Robbenhaar also ordered Plaintiff to show cause why the Court should not dismiss the remainder of her claims and to file an amended complaint that contains factual allegation supporting those claims. *See* Order to Show Cause at 6, 8-9 (stating that failure to timely show cause and file an amended complaint may result in dismissal of this case). Plaintiff did not show cause, file an amended complaint or otherwise respond to Judge Robbenhaar's Order by the February 12, 2024, deadline. *See* Order, Doc. 7, filed January 22, 2024 (granting Plaintiff a 21-day extension to February 12, 2024, to show cause and file an amended complaint).

5

The Court dismisses this case because: (i) the Complaint fails to state claims upon which relief can be granted; (ii) Plaintiff did not show cause why the Court should not dismiss her claims; and (iii) Plaintiff did not file an amended complaint or otherwise respond to Judge Robbenhaar's Order to Show Cause.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**