IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GENEVA LANGWORTHY,

    Plaintiff,

v.                                                  No. 1:23-cv-01028-JCH-JFR

AMY SEIDEL,
JEFFREY SHANNON and
NEW MEXICO EIGHTH JUDICIAL DISTRICT COURT,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

    Plaintiff, who is proceeding *pro se*, asserted claims pursuant to Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.*, against: (i) Amy Seidel, the ADA coordinator for the Eighth Judicial District Court for the State of New Mexico; (ii) Jeffrey Shannon, a judge for the Eighth Judicial District Court; and (iii) the Eighth Judicial District Court. *See* Complaint for a Civil Case, Doc. 1, filed November 20, 2023 ("Complaint"). Plaintiff, who is disabled, alleged Defendants failed to reasonably accommodate her disabilities during proceedings before Judge Shannon and sought "Prospective injunctive relief." Complaint at 4, 14.

    United States Magistrate Judge John F. Robbenhaar notified Plaintiff that the Complaint failed to state claims, ordered Plaintiff to show cause why the Court should not dismiss claims and to file an amended complaint, and notified Plaintiff that failure to timely show cause and file an amended complaint may result in dismissal of this case. *See* Order to Show Cause, Doc. 5, filed December 11, 2023.

    United States District Judge David H. Urias dismissed this case because: (i) the Complaint failed to state claims upon which relief can be granted; (ii) Plaintiff did not show cause why the Court should not dismiss her claims; and (iii) Plaintiff did not file an amended complaint or

otherwise respond to Judge Robbenhaar's Order to Show Cause. *See* Order of Dismissal, Doc. 8, filed February 21, 2024; Final Judgment, Doc. 9, filed February 21, 2024.

Plaintiff subsequently moved the Court to reopen this case. *See* Motion to Re-Open, Doc. 10, filed March 17, 2025. Judge Urias denied Plaintiff's Motion to Reopen this case because Plaintiff did not meet her burden of showing that there are exceptional circumstances warranting relief from the Final Judgment in this case. *See* Order Denying Motion to Reopen, Doc. 11, filed March 21, 2025 (stating "Plaintiff has not shown any exceptional circumstances that would excuse her failure to timely file an amended complaint").

Plaintiff filed a Notice of Appeal requesting appellate review of the Court's Order denying Plaintiff's Motion to Reopen. *See* Notice of Appeal, Doc's 11-12, filed March 25, 2025. Plaintiff filed a Motion to Reconsider the Order denying her Motion to Reopen six days after she filed her Notice of Appeal. *See* Doc. 16, filed March 31, 2025 ("Motion"); *see also* Plaintiff's Declaration in Support of Motion to Re-Open, Doc. 17, filed April 15, 2025. On May 28, 2025, the United States Court of Appeals for the Tenth Circuit dismissed Plaintiff's appeal for lack of prosecution and entered its Mandate transferring jurisdiction back to this Court.

Plaintiff states she "abandoned this lawsuit two years ago because it was assigned to" Judge Urias and "want[s] to re-open the case to have it heard by Judge Robbenhaar." Motion at 1, 3. Plaintiff contends Judge Urias is biased and "unqualified to preside over a case involving disability rights, because he knows nothing about the ADA." Motion at 2-4. Plaintiff states the "only reason" for the undersigned "to refuse to re-open my case is SPITE. And also racism and sexism" and that her "claims are valid and justiciable by a qualified jurist." Motion at 4 (emphasis in original). This case was reassigned to the undersigned on June 13, 2025. *See* Doc. 19.

The Court denies Plaintiff's Motion to Reconsider. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously

2

unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Manifest Injustice*, Black's Law Dictionary (12th ed. 2024) ("A direct, obvious, and observable error in a trial court, such as a defendant's guilty plea that is involuntary or is based on a plea agreement that the prosecution has rescinded"); *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988) ("A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loath to do so in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice"). Plaintiff has not shown that the Court's Order denying Plaintiff's Motion to Reopen this case was clearly erroneous. The Court dismissed this case because the Complaint failed to state claims upon which relief can be granted and because Plaintiff did not comply with Judge Robbenhaar's Order to Show Cause. The Court denied Plaintiff's Motion to Reopen this case because Plaintiff did not meet her burden of showing that there are exceptional circumstances warranting relief from the Final Judgment in this case. *See* Order Denying Motion to Reopen at 3 ("Relief under Rule 60(b) is 'extraordinary and may only be granted in exceptional circumstances.'") (quoting *Crow Tribe of Indians v. Repsis*, 74 F.4th 1208, 1216 (10th Cir. 2023)). Nor has Plaintiff shown that there has been an intervening change in the controlling law or that there is new evidence previously unavailable.

      **IT IS ORDERED** that Plaintiff's Motion to Reconsider, Doc. 16, filed March 31, 2025, is **DENIED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE